United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20718
Summary Calendar
_____

BLAISE NZEDA,

Plaintiff-Appellant,

versus

SHELL OIL COMPANY AND SHELL INTERNATIONAL EXPLORATION AND
PRODUCTION INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-04-4606
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Blaise Nzeda, a black male from Cameroon, Africa, appeals the district court's grant of summary judgment in favor of his employer, Shell Oil Company and Shell International Exploration and Production, Inc. (hereinafter "Shell"), on his claims of: (1) race and national origin discrimination; and (2) workers' compensation retaliation. We review the grant of summary judgment de novo. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As to Nzeda's race and national origin claim, we agree with the district court that Nzeda has failed to make a prima facie case of discrimination, the first step for a plaintiff claiming discrimination. Estate of Martineau v. ARCO Chem., 203 F.3d 904, 912 (5th Cir. 2000). Nzeda has established that he was a member of a protected class, was qualified for the position that he held, and suffered an adverse employment action, the first three elements of a prima facie case. Id. Defendants do not contend otherwise. However, Nzeda has failed to prove the fourth element, that: (1) he was replaced by someone who was not a member of a protected group; or (2) similarly situated individuals outside the protected class were treated more favorably than him. Id. He alleges, in conclusory fashion, that those outside of his protected class were treated more favorably, because, he asserts, the defendants failed to investigate those employees' use of company cellular phones. Nevertheless, Nzeda proffers no evidence to support these allegations. By contrast, Shell's evidence indicates that the company did, in fact, investigate other employees, yet found that none used company-issued phones for personal calls to the extent to which Nzeda did. Furthermore, Nzeda additionally submitted questionable reimbursement requests.

As to Nzeda's workers' compensation retaliation claim, filed under Texas Labor Code Section 451.001, we agree with the district court that he has failed to establish a prima facie case. To do so, he must show that: (1) he, in good faith, filed a workers'

compensation claim; (2) he suffered an adverse employment action; and (3) there is a causal link between the two, i.e., that the filing of the claim was a "determining factor" in his discharge. Burfield v. Brown, Moore & Flint, 51 F.3d 589-90 (5th Cir. 1995). Undisputably, Nzeda, in good faith, filed a workers' compensation claim and suffered an adverse employment action, his termination. However, he cannot prove a causal link between the two. Nzeda offers no direct evidence of retaliation, yet circumstantial evidence may suffice. Continental Coffee Products Co. V. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996). In assessing a plaintiff's circumstantial evidence, we consider: (1) the knowledge of the workers' compensation claim by those who decided to terminate; (2) whether there was an expression of a negative attitude towards the employee's injured condition; (3) whether the employer failed to adhere to established company policies; (4) whether there was any discriminatory treatment in comparison to similarly situated employees; and (5) any evidence that the stated reason for the discharge was false. Id. Though in the instant case the decisionmaker knew of Nzeda's workers' compensation claim, there is no evidence of any of the other five factors. Nzeda relies solely upon his own assertions and beliefs, which are insufficient to support the finding of causal link between Nzeda's workers' compensation claim and his termination.

For the foregoing reasons, we affirm.